# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY DULEY,<br><br>         Plaintiff,<br><br>    v.<br><br>VENEGAS, et al.,<br><br>         Defendants. | Case No.  1:24-cv-00346-FRS (BAM) (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I.      Background

Plaintiff Kelly Duley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 28, 2026, the Court screened the complaint and found that Plaintiff stated cognizable claims against: (1) Defendant Sandoval for retaliation in violation of the First Amendment for advertising Plaintiff as a sex offender to other inmates after Plaintiff reported an assault committed by officers on another inmate; (2) Defendants Sandoval, Simpson, and Venegas for retaliation in violation of the First Amendment for advertising Plaintiff as a snitch to other inmates after Plaintiff filed complaints regarding the sexual harassment by Defendants Simpson and Venegas; (3) Defendant Sandoval for deliberate indifference in violation of the

1

Eighth Amendment for advertising Plaintiff as a sex offender to other inmates; and (4) Defendants Sandoval, Simpson, and Venegas for deliberate indifference in violation of the Eighth Amendment for advertising Plaintiff as a snitch to other inmates, leading to Plaintiff's assault by other inmates, but failed to state any other cognizable claims for relief. (ECF No. 9.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claims identified by the Court. (*Id.*)

On March 3, 2026, Plaintiff filed a notice indicating his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 10.)

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

*///*

### A.     Allegations in Complaint

Plaintiff is currently housed at California Men's Colony, East in San Luis Obispo, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at Wasco State Prison in Wasco, California.  Plaintiff names as defendants: (1) Venegas, Correctional Officer; (2) Sandoval, Correctional Officer; and (3) Simpson, Correctional Officer.

Plaintiff alleges as follows:

While incarcerated at Wasco State Prison, Defendant Sandoval began to despise Plaintiff because a few months before August 2021, Plaintiff reported to authorities that he witnessed two officers assaulting another inmate.  After that, Defendant Sandoval began spreading false rumors to other white inmates that Plaintiff was a sex offender in attempts to have Plaintiff attacked, stabbed, or killed.  Plaintiff was on a highly active general population yard where retaliation is high among the white inmate population if you are found out to be a sex offender or a prison snitch.

After that, Defendant Venegas began harassing Plaintiff for reporting the assault on the inmate.  One day while outside at yard recreation, Defendant Venegas took Plaintiff's radio that Plaintiff bought and had a receipt for, and wouldn't give it back.  One day Plaintiff was in a fight and Defendant Venegas saw Plaintiff naked, as he was made to strip out.  Then Venegas began sexually harassing Plaintiff.  Venegas kept asking Plaintiff to show him Plaintiff's genitals.  Venegas told Plaintiff he wouldn't give back Plaintiff's radio unless Plaintiff submitted to his sexual harassment.  Venegas kept Plaintiff's radio for at least two months.

Defendant Simpson became aware of this and started to sexually harass Plaintiff too.  He said to Plaintiff if Plaintiff wanted the radio back then Plaintiff had to satisfy Defendant Venegas' sexual desires.

After Defendants Venegas and Simpson began harassing Plaintiff, Plaintiff filed written complaints about the harassment.  Defendants Venegas, Simpson, and Sandoval found out and told the white mac rep inmates in charge of prison politics that Plaintiff was a snitch and to attack him if he didn't stop filing written complaints against them.  The white mac reps then came and told Plaintiff this, and also said the three defendants threatened to interrupt the inmates' whiskey

3

making business at the prison.

Because of these threats, Plaintiff stopped complaining. But about two months later, after Plaintiff filed the original complaints, investigative services representatives came and investigated Plaintiff's harassment claims. The white mac reps found out because they said Defendants Venegas, Simpson, and Sandoval told them Plaintiff was snitching again. Even though Plaintiff told them it was the old complaints he filed, the white mac reps said they "didn't care" and "watch what happens to me."

A few days later, Plaintiff was jumped/assaulted by three white inmates, punched and kicked approximately 200 times and had injuries all over his body. Plaintiff was ultimately transferred to another prison for his safety. Plaintiff knew Defendant Sandoval witnessed the assault because he harassed Plaintiff afterwards, saying, "I thought you were gonna do better than that, and stand up and fight back, not just fall down."

Plaintiff also alleges state law violations, including sexual harassment, assault and battery, and negligence, citing California Government Code 844.6(d), based on the same set of facts.

Plaintiff requests compensatory, punitive, and nominal damages.

**B.    Discussion**

1.    First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

///

4

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

At the pleading stage, Plaintiff states cognizable claims for retaliation against Defendant Sandoval for advertising Plaintiff as a sex offender to other inmates after Plaintiff reported an assault committed by officers on another inmate, and against Defendants Sandoval, Simpson, and Venegas for advertising Plaintiff as a snitch to other inmates after Plaintiff filed complaints regarding the sexual harassment by Defendants Simpson and Venegas.

### 2. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

#### a. *Advertisement as Sex Offender*

Based on Plaintiff's allegations that Defendant Sandoval spread false rumors to other inmates that Plaintiff was a sex offender in an attempt to have him attacked, Plaintiff has demonstrated he faced "a substantial risk of harm to his health or safety." *See Neal v. Shimoda*, 131 F.3d 818, 829 (9th Cir. 1997) (analyzing due process claim and stating, "We can hardly

5

conceive of a state's action bearing more 'stigmatizing consequences' than the labeling of a prison inmate as a sex offender"); *Nailing v. Fosterer*, No. CIV S-09-2475-MCE (CMK), 2012 WL 1130655 at *8 (E.D. Cal. Mar. 2, 2012) (finding Eighth Amendment deliberate indifference claim sufficiently pled because "a reasonable jury could conclude that defendants were deliberately indifferent to the generally known risk sex offenders face in the prison general population").

Plaintiff therefore states a cognizable claim for deliberate indifference against Defendant Sandoval for advertising him as a sex offender to other inmates.

b.     *Advertisement as Snitch*

The Ninth Circuit has held that allegations that prison officials called a prisoner a "snitch" in the presence of other inmates were sufficient to state a claim of deliberate indifference to an inmate's safety. *See Valandingham v. Bojorquez*, 866 F.2d 1135, 1139 (9th Cir. 1989) (after prison officers labeled prisoner a snitch, he was threatened with harm by fellow prisoners). In order to demonstrate that a defendant was aware that his actions exposed the inmate to a substantial risk of serious harm, a plaintiff must allege facts demonstrating that he was either physically harmed or was threatened with physical harm because of the "snitch" label. *See Morgan v. MacDonald*, 41 F.3d 1291, 1294 (9th Cir. 1994); *Green v. Chamberlain*, 2019 WL 3302346, at *7 (E.D. Cal. Jul. 22, 2019).

At the pleading stage, Plaintiff states a cognizable claim for deliberate indifference against Defendants Venegas, Sandoval, and Simpson for advertising Plaintiff as a snitch to other inmates, leading to Plaintiff's assault by other inmates.

c.     *Sexual Misconduct*

Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (citations omitted). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In evaluating a prisoner's claim, courts consider whether the officials acted with a sufficiently culpable state of mind and if the alleged wrongdoing was

6

objectively harmful enough to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (internal quotation marks and alterations omitted).

Here, Plaintiff alleges that after Plaintiff was involved in a fight, Defendant Venegas saw Plaintiff naked as he was made to strip out.  It is unclear who gave the order, but even if Defendant Venegas ordered Plaintiff to strip out, a single visual strip search is not sufficient to demonstrate that Defendant Venegas was not acting without legitimate penological justification. *See Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).  There are occasions when legitimate penological concerns require invasive searches, and the courts owe prison staff deference because of prisons' "unique security concerns." *Id.* at 1145.  Thus, when the assault begins as a legitimate, albeit invasive, penological procedure, the prisoner must show that the official's "conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure." *Id.*; *see Palmer v. O'Connor*, No. 2:11–CV–2927–KJN (P), 2013 WL 1326207, at *4 (E.D. Cal. Mar. 29, 2013) ("Inmate sexual harassment claims that allege brief inappropriate touching by a correctional official are generally found to be noncognizable, particularly if the alleged touching occurred pursuant to an authorized search. 'Even if plaintiff believed that there was a sexual aspect to the search, more is needed.'").

With respect to Plaintiff's allegations that Defendant Venegas confiscated Plaintiff's radio and refused to return it until Plaintiff showed him Plaintiff's genitals, and that Defendant Simpson began making the same comments, while "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).

As Plaintiff has alleged no more than verbal misconduct, Plaintiff has failed to state a cognizable claim related to sexual misconduct against any defendant.

### 3.    Fourteenth Amendment – Property

Insofar as Plaintiff alleges that Defendant Venegas wrongfully confiscated his radio, these allegations are not sufficient to support a cognizable claim.  Prisoners have a protected interest in

7

their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff appears to contend that Defendant Venegas confiscated Plaintiff's radio for no legitimate reason, despite Plaintiff having bought and kept a receipt for the radio. As Defendant Venegas' conduct was apparently an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of his property.

### 4.     State Law Claims

Plaintiff alleges a variety of state law claims, including sexual harassment, assault and battery, and negligence. These claims are subject to the claim presentation requirement of the Government Claims Act.

California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub.*

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] " 'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

*Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has failed to allege compliance with the claim presentation requirement of the Government Claims Act.  Therefore, Plaintiff may not proceed on any of the alleged state law claims.

**III.     Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against: (1) Defendant Sandoval for retaliation in violation of the First Amendment for advertising Plaintiff as a sex offender to other inmates after Plaintiff reported an assault committed by officers on another inmate; (2) Defendants Sandoval, Simpson, and Venegas for retaliation in violation of the First Amendment for advertising Plaintiff as a snitch to other inmates after Plaintiff filed complaints regarding the sexual harassment by Defendants Simpson and Venegas; (3) Defendant Sandoval for deliberate indifference in violation of the Eighth Amendment for advertising Plaintiff as a sex offender to other inmates; and (4) Defendants Sandoval, Simpson, and Venegas for deliberate indifference in violation of the Eighth Amendment for advertising Plaintiff as a snitch to other inmates, leading to Plaintiff's assault by other inmates.  However, Plaintiff's complaint fails to state any other cognizable claims for relief.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed March 22, 2024, (ECF No. 1), against:

   a. Defendant Sandoval for retaliation in violation of the First Amendment for advertising Plaintiff as a sex offender to other inmates after Plaintiff reported an assault committed by officers on another inmate;

   b. Defendants Sandoval, Simpson, and Venegas for retaliation in violation of the First Amendment for advertising Plaintiff as a snitch to other inmates after

Plaintiff filed complaints regarding the sexual harassment by Defendants Simpson and Venegas;

    c.  Defendant Sandoval for deliberate indifference in violation of the Eighth Amendment for advertising Plaintiff as a sex offender to other inmates; and

    d.  Defendants Sandoval, Simpson, and Venegas for deliberate indifference in violation of the Eighth Amendment for advertising Plaintiff as a snitch to other inmates, leading to Plaintiff's assault by other inmates; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2026**         /s/ *Barbara A. McAuliffe*

                                   UNITED STATES MAGISTRATE JUDGE